Pfeifer, J.,
dissenting.
{¶ 39} At some level, it is possible that the majority is technically correct in concluding that each of the various defendants in the prior litigation did not have a motive similar to that of H.J. Heinz Company in the current litigation. But there is no way for the majority to know that it is correct without assessing every question that each of the defendants asked in the prior litigation. To reach its expansive conclusion, the majority would have to determine whether the motive of each defendant to develop the testimony in the prior proceeding was similar to any motive that Heinz might have to develop testimony. In short, the majority would have to determine everything that each of the various attorneys thought throughout the entire litigation and the reasons why they adopted the approaches they did. The majority has not done so because the majority cannot do so.
{¶ 40} Instead, the majority falls back on a generality: it concludes that it is not clear from the record that any of the prior defendants “had an incentive to refute the assertion that it caused an injurious exposure to asbestos.” Majority opinion at ¶ 34. It defies credulity to claim, as the majority does, that none of the previous defendants had any incentive to attempt to establish that Donald Burkhart was not injured by exposure to asbestos. (Burkhart’s attorney states that at least 25 defendants cross-examined Burkhart during a deposition in the previous litigation.) The majority would have us believe that each of the defendants focused exclusively on pointing fingers at fellow defendants. But surely each and every one of the defendants would have argued that there was no workplace exposure to asbestos if that had been a credible argument. That none of the defendants argued that there was no exposure to asbestos suggests that it was overwhelmingly clear that there was exposure to asbestos in the workplace, not that the prior defendants did not have an incentive to establish the absence of asbestos.
{¶ 41} This case boils down to whether any of the various defendants in the prior litigation was a “predecessor in interest” to Heinz. The majority in this *441 case views the issue in exceedingly narrow terms. A better approach would be to adopt the standard espoused in Lloyd v. Am. Export Lines, Inc., 580 F.2d 1179 (3d Cir.1978). The court stated that it preferred an interpretation of “predecessor in interest” that “is realistically generous over one that is formalistically grudging.” Id. at 1187. The court considered its view practical:
Bevan & Associates, L.P.A., Inc., Thomas W. Bevan, David S. Bates, and Joshua P. Grunda, for appellee.
Seeley, Savidge, Ebert & Gourash Co., L.P.A., Keith A. Savidge, Andrew D. Berner, and Eric D. Baker, for appellant.
Vorys, Sater, Seymour and Pease, L.L.P., Richard D. Schuster, Daniel E. Shuey, and Damien C. Kitte, urging reversal for amicus curiae, Ohio Manufacturers’ Association.
“[I]f it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the present party.” Under these circumstances, the previous party having like motive to develop the testimony about the same material facts is, in the final analysis, a predecessor in interest to the present party.
Id., quoting McCormick, Handbook of the Law of Evidence, Section 256, 619-620 (2d Ed.1972).
{¶ 42} The majority’s approach in this case is “formalistically grudging,” especially considering that we are assessing the evidence before us on a motion for summary judgment in the context of our no-fault workers compensation system. The key issue in this case isn’t whether Heinz did anything wrong, whether intentionally, negligently, or in any other way; the issue is simply whether Donald Burkhart was exposed to asbestos at his workplace. It is clear that he was exposed to asbestos in his workplace, and this court should not adopt a formalistically grudging approach to allow a narrow technical argument to obscure that unassailable fact.
{¶ 43} The former testimony is admissible and should be allowed. I dissent.